# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2012-0641, <u>Elisha Badeau v. JPMorgan Chase Bank, NA</u>, the court on July 14, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that a formal written opinion is unnecessary in this case. The plaintiff, Elisha Badeau, appeals an order of the Superior Court (<u>Colburn</u>, J.) granting summary judgment to the defendant, JPMorgan Chase Bank, NA, on its counterclaim for the outstanding amount due under a note originally made to Chase Bank USA, N.A. (Chase). We affirm.

"We review <u>de</u> <u>novo</u> the trial court's application of the law to the facts in its summary judgment ruling." <u>Concord Gen. Mut. Ins. Co. v. Green & Co. Bldg. & Dev. Corp.</u>, 160 N.H. 690, 692 (2010) (quotation omitted). "All evidence presented in the record, as well as any inferences reasonably drawn therefrom, must be considered in the light most favorable to the party opposing summary judgment." <u>Id</u>. (quotation omitted). "If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment." <u>Id</u>. (quotation omitted).

The sole issue for the trial court's determination was whether the defendant was entitled to enforce the note. Relying upon Article 3 of the Uniform Commercial Code, the trial court ruled that the defendant was a non-holder in possession of the note with the right to enforce it. <u>See</u> RSA 382-A:3-301 (2011). The court found that the "Notice of Assignment, Sale or Transfer of Servicing Rights," a document which the plaintiff signed on September 11, 2007, demonstrated that the defendant became the servicer of the plaintiff's loan with the intent that the defendant would enforce the note on behalf of Chase. In addition, the court observed that the defendant submitted an affidavit which proved that it possessed the note. In the affidavit from one of the defendant's mortgage officers, the officer averred that the defendant possessed "certain original records, books, and statements of account maintained by Chase," including the plaintiff's Adjustable Rate Note.

On appeal, the plaintiff argues that the defendant's proof that it possessed the note was insufficient because it never filed the original note with the court, which she argues was required by Superior Court Rule 77[*] and RSA

---

[*] The Rules of the Superior Court of the State of New Hampshire, which include Rule 77 that is at issue in this order, were renamed, effective October 1, 2013, as the "Rules of the Superior Court of the State of New Hampshire Applicable in Civil Actions." Accordingly, Rule 77 is now cited as <u>Super Ct. Civ. R.</u> 44.

382-A:3-501 (2011).  It is the burden of the appealing party, here the plaintiff, to demonstrate that she raised her issues before the trial court.  Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).  The record on appeal does not include either the plaintiff's objection to the defendant's summary judgment motion or the transcript of the summary judgment hearing.  Although the record on appeal includes the plaintiff's motion for reconsideration, she argued in that motion that Superior Court Rule 77 was violated, but did not argue that RSA 382-A:3-501 was violated.  Because the only argument that the plaintiff has demonstrated that she preserved for our review is her Rule 77 argument, we address only that argument.  See id. at 250-51.

We conclude that the plaintiff's Rule 77 argument is unavailing.  Rule 77 provides:  "When a verdict is rendered upon a negotiable instrument, or similar evidence of indebtedness, the same shall be filed with the Clerk before judgment or execution is issued, unless the Court otherwise orders."  Super. Ct. R. 77 (emphasis added).  Contrary to the plaintiff's assertions, the record reveals that this rule was not violated.  Consistent with Rule 77, the trial court's notice of final decision expressly states that in order for the defendant to obtain a writ of execution, it must first file the original note with the court.

The plaintiff mentions additional issues in her brief, but because they are not sufficiently developed for our review, we decline to consider their merits. See Douglas v. Douglas, 143 N.H. 419, 429 (1999) ("[A] mere laundry list of complaints regarding adverse rulings by the trial court, without developed legal argument, is insufficient to warrant judicial review." (citation omitted)).  All issues that the plaintiff raised in her notice of appeal, but did not brief, are deemed waived.  In re Estate of King, 149 N.H. 226, 230 (2003).

Affirmed.

DALIANIS, C.J., and HICKS and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**